# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Gordon Miles, | Case No. 0:19-cv-1567 (JNE/KMM) |
| Plaintiff, | 0:19-cv-1914 (JNE/KMM) |
| v. | |
| LLoid Hartley, et al. | |
| Defendants. | **ORDER** |
| and | |
| Gordon Miles, | |
| Plaintiff, | |
| v. | |
| Alan Joseph Schiller, et al. | |
| Defendants. | |

---

This matter is before the Court on plaintiff Gordon Miles's Motions to Consolidate Cases. (*Miles v. Hartley*, 19-cv-1567, ECF No. 43; *Miles v. Schiller*, 19-cv-1914, ECF No. 39.) After careful consideration, the Court DENIES Mr. Miles's Motions.

## I.   Factual Background

Mr. Miles has two pending lawsuits before the Court: *Miles v. Hartley, et al.*, Civ No. 19-cv-1567-JNE-KMM and *Miles v. Schiller, et al.*, Civ. No. 19-cv-1914-JNE-KMM.[1] In *Schiller*, Mr. Miles alleges that another client at the MSOP facility sexually assaulted him. He also alleges that the defendants did not permit him to report the

---

[1] A third case for which Mr. Miles was seeking consolidation, *Miles v. Johnson-Piper, et al.*, Civ. No. 19-cv-1078-WMW-KMM, was dismissed in its entirety on March 23, 2020. (*Johnson-Piper* ECF Nos. 49, 50.)

1

alleged assault to the police, and that he was moved to a more restrictive living unit without due process.

*Hartley* involves allegations of a different sexual assault. Once again, Mr. Miles alleges that the defendants did not permit him to report the alleged assault to the police. In addition, he alleges that the defendants failed to give him the appropriate treatment in response to the alleged assault. *Schiller* and *Hartley* involve many of the same defendants, but each case has several unique defendants as well.

Both cases have pending motions to dismiss from the defendants who work for MSOP and pending motions for judgment on the pleadings from the defendants who work for Moose Lake Police Department. Additionally, this Court has recommended dismissal of all claims in *Hartley*. (ECF No. 70.) The Report and Recommendation is pending district court review.

## II. Analysis

Federal Rule of Civil Procedure 42(a) governs consolidation of actions: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." The party moving for consolidation must demonstrate that consolidation would "promote judicial convenience and economy." *Powell v. National Football League*, 764 F. Supp. 1351, 1359 (D. Minn. 1991).

Mr. Miles has not carried his burden here. First, Mr. Miles's motion is premature. Where motions to dismiss in the suits to be consolidated are pending, consolidation is inappropriate. *Benson v. Fischer*, Nos. 16-cv-509 (DWF/TNL), 17-cv-266 (DWF/TNL), 2019 WL 332434 at *3 (D. Minn. Jan. 25, 2019); *see also Osman v. Weyker*, Nos. 16-cv-908 (JNE/JSM), et al., 2016 WL 10402791 at *3 (D. Minn. Nov. 21, 2016) (collecting cases). With pending motions to dismiss in both cases for which Mr. Miles seeks consolidation, including one that already has a pending Report and Recommendation, it is clear that Mr. Miles's motion is premature.

Second, Mr. Miles has not demonstrated that consolidating the cases would promote judicial convenience and economy. When deciding to consolidate multiple cases, courts may consider many factors, including:

> [W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Benson*, 2019 WL 332434 at \*2 (quoting *Chill v. Green Tree Fin. Corp*, 181 F.R.D. 398, 405 (D. Minn. 1998)).

Here, the cases do have some overlapping legal issues. However, the factual issues in the two cases are largely distinct from one another. Each case arises out of an alleged incident utterly unconnected to the alleged incident in the other case. Additionally, both cases involve some unique defendants, including John Doe defendants, who may or may not be the same individuals. Consolidating the cases at this stage does not promote judicial economy.

## III.  Order

Accordingly, IT IS HEREBY ORDERED that:  Mr. Miles's Motions to Consolidate (*Miles v. Hartley*, 19-cv-1567, ECF No. 43; *Miles v. Schiller*, 19-cv-1914, ECF No. 39) are DENIED.

Date: April 8, 2020                              *s/Katherine Menendez*
                                                 Katherine Menendez
                                                 United States Magistrate Judge